**Rudy ISLER and Hazel Isler, Appellants,**

v.

**Carl W. JENSEN and Caroline J. Jensen,
Appellees.**

**No. 299.**

Supreme Court of Alaska.

June 26, 1963.

Douglas L. Gregg, Juneau, for appellants.

Roger G. Connor, Juneau, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The superior court granted the plaintiffs' (appellees') motion for summary judgment. The defendants (appellants) have appealed, claiming that there were genuine issues of fact to be litigated which made disposition of the controversy by summary judgment improper.

A dispute arose over the location of the boundary line between neighboring tracts of tideland property occupied by the parties. Defendants tore down a fence, claiming that it was situated on their tract. Plaintiffs contended that the fence was on land occupied by them, and brought this action for trespass and for a determination of the boundary line between the two tracts of land.

In their complaint plaintiffs alleged that they had been in exclusive possession of the property in controversy for approximately 10 years prior to March 1962. In verification of this claim, and in support of plaintiffs' motion for summary judgment, the affidavit of plaintiff Carl Jensen was filed. He stated that he went into possession of his tideland tract when he purchased it from his predecessor in interest in 1953; that in 1955 he constructed the fence involved in this action along the line dividing the tideland occupied by him and tideland occupied by defendants' predecessor in interest, Mrs. Bertha Osborne; that Mrs. Osborne had been aware of the construction of the fence and made no protest as to its location; and that ever since 1955 the strip of land beneath the fence and the land on plaintiffs' side of the fence had been constantly under Jensen's control and use in connection with the operation of his business know as Juneau Marine Ways.

Standing alone, the complaint and affidavit of Jensen are sufficient to justify a summary judgment in plaintiffs' favor. Since this is tideland property, which at the time this action arose was owned by the State of Alaska, plaintiffs' rights were to be determined by actual physical possession or occupancy.[1] Plaintiffs have alleged facts sufficient to establish their possessory right to the property, since they have shown use and occupancy which was notorious and continuous and, by reason of the construction of the fence, have shown the extent of their occupancy and that it excluded possession by persons other than the plaintiffs.[2]

Plaintiffs have demonstrated that there was no genuine issue of fact to be litigated. In view of this showing it was incumbent upon the defendants, in order to prevent the entry of a summary judgment, to set forth facts showing that they could produce admissible evidence which reasonably would tend to dispute or contradict plaintiffs' evidence, and thus demonstrate to the court that a triable issue of fact existed.[3] This the defendants have failed to do. No affidavits have been produced from either of the defendants showing that when they acquired their tract in 1959 they claimed possession of the land in controversy. There was no affidavit from their predecessor in interest, Bertha Osborne, to the effect that she had ever claimed possession and had occupied this land. It is true that defendants have established that the property description in Mrs. Osborne's quit claim deed to them included not only the land upon which the fence was located, but also a six-inch strip on plaintiffs' side of the fence. But this is not evidence that this land had been actually used or occupied by Bertha Osborne—a factor which is all important where state-owned tideland property is concerned.

The only other effort made by defendants to show that there was a triable issue of fact was through the affidavit of Bertha Osborne's son, Thomas Osborne. He stated that there used to be an old fence located on his mother's property; that he "always felt" and that it was "generally known" by him and his mother that there were several feet of property belonging to his mother on the other side of the fence; and that in 1954 or 1955 Carl Jensen had asked for and received permission from Thomas Osborne to mend the fence by putting some new boards on it. These statements by Osborne do not show the existence of any material factual issue. What was "always felt" or "generally known" by him has no evidentiary value as proof that the land in fact did belong to his mother. His statement regarding Jensen's request to mend the fence, if believed[4], possibly might be regarded as creating an inference that Jensen did not then consider the fence to be situated on his property. But this would not controvert Jensen's positive statement that the land beneath the fence and on his side of it had constantly been under his control and use since 1955, since there is nothing in what Osborne has said which would tend to prove that the land had ever been used by his mother and under her control.

The defendants have failed to sustain their burden of meeting the plaintiffs' case with a showing that evidence could be produced which would establish a genuine issue of material fact for trial. The judgment is affirmed.

1. Columbia Salmon Co. v. Berg, 5 Alaska 538, 544 (D.Alaska 1916); Arness v. Petersburg Packing Co., 260 F. 710 (9th Cir. 1919).

2. United States v. 10.95 Acres of Land, 11 Alaska 518, 524–525, 75 F.Supp. 841, 844 (D.Alaska 1948).

3. Gilbertson v. City of Fairbanks, Opinion No. 110, 368 P.2d 214, 216–217 (Alaska 1962); United States v. Daubendiek, 25 F.R.D. 50, 56–57 (N.D.Iowa 1959).

4. Osborne's statement that Jensen mended the old fence seems somewhat inconsistent with defendants' assertion in their counterclaim that in 1955 the plaintiffs had "constructed" a fence on Bertha Osborne's property.