Donald C. WRIGHT, Ruth Cline Wright and Sande Lane Wright, Appellants,

v.

Dorothy PRIOR, Trustee in Bankruptcy of First State Equity Co., Robert Robinson, William Coffel and Tom Coffel, Appellees.

No. 634.

Supreme Court of Alaska.

Aug. 8, 1966.

---

Donald C. Wright, in pro. per.

H. Russel Holland and John M. Savage, Anchorage, for appellee Prior, trustee in bankruptcy of First State Equity Co.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

PER CURIAM.

Appellee Dorothy Prior, as trustee in bankruptcy of the First State Equity Co., together with the other named appellees, originally instituted this suit to enforce certain restrictive covenants against appellants in regard to Lot 10, Block 2 of Crestview Village Subdivision. Subsequently, appellees' original complaint was amended to include a second separate cause of action seeking ejectment of appellants from possession of Lot 10, Block 2. In his answer to appellees' amended complaint, appellant Sande Lane Wright[1] admitted that he was in possession of Lot 10, Block 2, Crestview Vil-

lage Subdivision and by way of affirmative defense asserted ownership and the right to possession of this property.

After issue was joined appellees moved for and were granted summary judgment.[2] The only issue properly raised in this appeal by appellants (acting without the benefit of counsel) questions the superior court's grant of summary judgment in favor of appellees.[3] Our review of the record had led us to conclude that appellees failed to establish the absence of any genuine issue as to any material fact.[4] In our opinion appellee-trustee Dorothy Prior's evidence in support of her motion for summary judgment disclosed the existence of genuine issues as to the highly material issue of whether or not the legal title to Lot 10, Block 2 was in appellee Dorothy Prior as trustee or in appellant Sande Lane Wright.

It is well established that the party bringing an ejectment action must recover upon the strength of his own legal title and not upon the weakness of his adversary's title.[5] Here the trustee's own showing in behalf of her motion demonstrates the existence of factual issues with respect to her claim of title and the right of possession to Lot 10, Block 2.

As evidence in support of her motion for summary judgment, the trustee relied principally upon a "litigation report" prepared by the Alaska Title Guaranty Company.[6] This litigation report listed approximately twenty-two exceptions to the trustee's "estate in fee simple" in Lot 10, Block 2 of the Crestview Village Subdivision. In reference to the trustee's chain of title the liti-

1. After this action was commenced in superior court, appellant Donald C. Wright was appointed guardian ad litem for his minor son Sande Lane Wright.

2. The superior court only ruled on the ejectment cause of action since the trial judge was of the opinion that his disposition of this issue made ruling upon the action to enforce the restrictive covenant unnecessary.

3. After summary judgment was granted, appellants filed a motion for relief from judgment which was not ruled upon until

after appellants had appealed to this court.

4. Ransom v. Haner, 362 P.2d 282, 289 (Alaska 1961).

5. Gillespie v. Windust, 143 F.Supp. 555, 560, 16 Alaska 393 (D.C.1956).

6. In opposing the motion, the litigation report was not objected to by appellants' counsel. (Note: Appellants were represented by counsel up to and including the time of the superior court's grant of summary judgment to appellees.)

gation report, in paragraph numbered 13, states that the trustee's title is derived from a

Deed under which title is vested in Dorothy Prior, trustee, in bankruptcy for First State Equity Co., and Australaska Corporation, dated May 15, 1961, recorded June 2, 1961 in Book 223 at Page 62, from Sand Lake Construction, Inc., was executed by John Stocco, General Manager. *Proof of Authority of the General Manager to convey said premises should be submitted.* (Emphasis furnished.)[7]

The trustee's evidence also indicated that appellant Sande Lane Wright claims title to Lot 10, Block 2 through a deed from Edmond T. Pawelek which was recorded on December 2, 1964. More particularly, the trustee's evidence revealed that the Anchorage Independent School District foreclosed on Lot 10, Block 2 for delinquencies pertaining to 1960–61 and 1961–62 school taxes. As a result of these foreclosures the Anchorage Independent School District received two separate deeds to the property from the clerk of the superior court, Third Judicial District. These deeds were recorded on June 26, 1962, and July 24, 1963. The trustee's evidence further disclosed that thereafter the Anchorage Independent School District conveyed Lot 10, Block 2 to Edmond T. Pawelek on September 30, 1964, who in turn conveyed to appellant Sande Lane Wright.

▊ In light of these factors manifested in the trustee's evidence in support of her motion for summary judgment, we hold under the principles stated in our recent opinion in Wilson v. Pollet,[8] that the superior court's summary judgment should be set aside. We are of the opinion that the trustee has not met her burden of showing the absence of any genuine issue as to any material fact.

▊ In this ejectment action where title, and the right to possession are determinative, we are of the view that the trustee's evidence failed to meet the standards alluded to in the *Wilson* case. Not only was proof lacking as to the authority of the general manager of Sand Lake Construction, Inc., to convey Lot 10, Block 2, but no evidence was produced to show that Sand Lake Construction, Inc., was ever in possession of the real property in question, nor was any evidence produced as to Sand Lake's source of title to Lot 10, Block 2.[9] What the trustee's evidence does show is a chain of title in appellant Sande Lane Wright, as well as demonstrating the existence of numerous other questions as to the trustee's claim of title and the right to possession of Lot 10, Block 2.[10]

---

7. No proof as to the authority of the general manager of Sand Lake Construction, Inc., to convey the real property in question was presented to the superior court. Note also that the litigation report (paragraph numbered 16 thereof) reads in part:

    If the deed as mentioned in paragraph no. 13 above does not convey title, then said premises as further subject to the following * * *.

8. Wilson v. Pollet, 416 P.2d 381, Opinion No. 354 (Alaska, July 8, 1966).

9. Also unexplained is the interest of Australaska Corporation and this corporation's right under a deed which was recorded on March 28, 1962 (which date is subsequent to the June 2, 1961, deed from Sand Lake Construction, Inc., to First State Equity Co. and Australaska under which the trustee now claims title).

10. The trustee relied on the fact that reorganization proceedings were filed and a trustee appointed for First State Equity Co. on December 23, 1960, and that First State Equity Co. was adjudged bankrupt on April 30, 1962. The trustee also relied on the fact that the United States Dsitrict Court for the District of Alaska on March 24, 1961, issued a general restraining order which in part prohibited the enforcement of liens against any of First State Equity Co.'s properties. From this the trustee argues that the Anchorage Independent School District deeds in appellant Sande Lane Wright's chain of title are void citing: Dayton v. Stanard, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190 (1916); Board of Directors of St. Francis Levee Dist. v. Kurn, 98 F.2d 394, 396 (8th Cir.), cert. denied, 305 U.S. 647, 59 S.Ct. 153, 83 L.Ed. 418 (1938); In re Eppstein,

The superior court's summary judgment is set aside and the cause remanded for further proceedings in conformity with the foregoing.

156 F. 42 (8th Cir. 1907), cert. denied, 209 U.S. 545, 28 S.Ct. 571, 52 L.Ed. 919 (1908). The question of whether Lot 10, Block 2 was ever properly within the custody of the bankruptcy court; the effect of the court's general restraining order (and any subsequent amendment thereto); and the question of the superior court's jurisdiction to determine the competing claims of the trustee in bankruptcy and appellant Sande Lane Wright to the property in question await resolution upon our remand to the superior court.