**TWELVE HUNDRED "L" STREET CORPO-
RATION, an Alaskan Corpora-
tion, Appellant,**

v.

**INLET COMPANY, Inc., an Alaskan Corpo-
ration, Earl S. King, and R. J.
Cherrier, Appellees.**

No. 875.

Supreme Court of Alaska.

March 21, 1968.

J. H. Shortell, of Irvine & Shortell, An-
chorage, Byron D. Coney, of Dood, Rus-
sell & Coney, Seattle, Wash., for appellant.

H. Russel Holland, of Stevens & Holland, Anchorage, William L. Dwyer, Culp, Dwyer, Guterson & Grader, Seattle, Wash., for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant owned an apartment building which was mortgaged to the Federal Housing Administration. The building was damaged by an earthquake in March 1964 so as to make it uninhabitable. As a result, the tenants vacated, rental ceased and appellant lost its source of revenue for making its monthly mortgage payments to the FHA.

In May 1964 appellant's president, H. W. Robinson, discussed with an FHA official the possibility of the appellant deeding the property to FHA in lieu of foreclosure and of FHA then deeding the property back to appellant for $1 million less the cost of repairs. Appellant hoped to obtain the purchase money as a loan from the Small Business Administration.

In the early summer of 1964 appellant arranged with appellees for the latter to inspect the building and give appellant an estimate of the cost of repairs. The understanding was that appellees would do the repair work on the building if appellant was able to carry through with its plans to deed the property to FHA and then repurchase the property for $1 million less the cost of repairs. In July 1964 appellee proposed to appellant that it could repair the building for cost plus 10%, the total not to exceed $750,000. In August of that year, after discussions with appellant, appellees submitted a revised estimate of $650,000 or less with a fixed fee to appellees of $50,000. Months then went by and there were no further dealings or communications between the parties.

In Feburary 1965 appellant deeded the property to FHA in lieu of foreclosure. Robinson, in his deposition, stated that he issued the deed in the belief that FHA would sell the property back to appellant. FHA did not do as Robinson hoped or expected. Instead, it determined in light of improved business conditions in the city of Anchorage to sell the property at public sale on competitive bids. This was in accord with normal procedure and established policy or rules of the FHA. Bids were publicly invited by FHA in March 1965. Appellant was asked by FHA to bid at the public sale. Appellant chose not to bid because of Robinson's hope or belief that there would be no bids and that he would be able to obtain a private reconveyance of the property to appellant after the attempted public sale failed to produce any buyers. At the sale of the property, appellees Cherrier and King, officers of appellee Inlet Company, were the successful bidders for the purchase price of $575,000, and subsequently the FHA deeded the property to them.

In this action brought by appellant against appellees, appellant alleged that appellees had persuaded or encouraged the FHA to put the property up for public bid, knowing that appellees were the only ones who could make a proper bid because of their peculiar knowledge of the building and the restoration cost which they had obtained by virtue of their relationship with appellant. Appellant alleged that a fiduciary relationship had existed between the parties, that appellees had breached or abused such relationship, and that as a result appellant had been damaged in the sum of $750,000. The court below granted summary judgment in favor of appellees, dismissing appellant's complaint, and appellant then brought this appeal.

A fiduciary relationship exists when one imposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence.[1] If one in whom confidence is imposed has

---

1. Stearns v. Williams, 72 Idaho 276, 240 P.2d 833, 840–841 (1952).

acquired information concerning property in which the one imposing confidence is interested, the law forbids the former from using that knowledge to prevent the latter from securing an interest in the property for himself. If the one in whom confidence has been imposed does use the knowledge acquired by him to acquire an interest in the property for himself and to prevent the other party from obtaining the interest in the property that he seeks, then there has been a breach of the fiduciary relationship and the law charges such interest which the former has acquired with a trust for the benefit of the other party to the fiduciary relation. Thus, an indispensable element of a claim for relief for a breach of the fiduciary relation and for the enforcement of such a trust is not only the relation itself but also the use by one of the parties to the relation of knowledge he has acquired through it to prevent the other party from accomplishing the purpose of the relation.[2]

There are insufficient facts to give appellant a claim for relief for the breach by appellees of the fiduciary relation. At appellant's request, appellees inspected the damaged building and gave appellant their estimate of the cost of restoration. Appellees were informed of appellant's plan to attempt to obtain a deed to the property from FHA and that if this were accomplished appellee, Inlet Company, would get the job of making the necessary repairs. The knowledge that appellees acquired from the relation between the parties was as to the damage to the building and the cost of repairs. There is nothing to show that appellees used that knowledge to prevent appellant from obtaining title to the property by a private sale from FHA which appellant hoped to accomplish.

■ It is true that appellant's president, Robinson, testified in his deposition that Elmer Gagnon, an FHA official, had told Robinson that various firms in Anchorage, including appellees, had encouraged a public sale of the property. But Gagnon in his affidavit denied this and stated that he knew of no communication whatever from any representative of appellees about a possible sale of the property. In addition, Cherrier and King, president and vice president respectively of appellee Inlet Company, both denied in affidavits that they had in any way encouraged the FHA to put the property up for public bid. Robinson's statement under oath as to what Gagnon had told him is not sufficient to raise a triable issue of fact so as to prevent entry of summary judgment. In order to justify summary judgment the factual issue involved must be genuine.[3] It cannot be considered genuine when one party's understanding of the fact is based on hearsay evidence which would be inadmissible over objection at a trial, and the other party's understanding of the fact is based on direct, non-hearsay evidence such as is contained in the affidavits of Gagnon, Cherrier and King.

In an effort to establish the existence of a fiduciary relation, appellant points to the fact that appellees understood that they were not to reveal to others their findings as to the necessary repairs to the building. It is true that Bergstrom, an employee of Inlet Company, who did the inspecting of the building on behalf of appellees, admitted that his understanding was that information he acquired as to the building's condition would not be given to anyone else. But there is no evidence to show that appellees did reveal the information to any other person. Thus, if this understanding that Bergstrom had with appellants was such as to create a fiduciary relation between the parties, there is nothing to indicate that such a relation was breached or abused by appellees by revealing to others, to appellant's

2. Trice v. Comstock, 121 F. 620, 622–623 (8th Cir. 1903).

3. Civ.R. 56(c) provides in part: Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

detriment, knowledge which they had obtained by virtue of their relation with appellant. In fact the record shows that during the period of approximately a month prior to the time for bidding at the FHA public sale, the building was open to inspection. Moreover, the record shows that appellant's building engineer gave to prospective bidders the same information regarding the building that he had previously given to Bergstrom. The building engineer stated:

> I gave all those who came to inspect a complete tour of the building and all information I had about it. I gave them the same tour and the same information given earlier to Mr. Bergstrom. Nothing was supplied any Inlet representative that was not later supplied to the prospective bidders at the public sale, except that I had no more copies of the blueprints to give out. However, the blueprints were available to bidders through the FHA office.

■ Thus, for whatever reason appellant wanted information regarding the building condition kept secret by appellees (and the reason for this does not appear in the record), it appears that it was appellant's own employee, rather than appellees, who revealed the condition of the building to other persons. This is significant because the source of the restrictive obligation of appellees contended for by appellant was the so-called confidential nature of information obtained by appellees when they inspected the building and discovered facts relating to the extent of the damage. Once this same information was given to others by appellant's agent, then it was no longer confidential and appellees would be under no obligation to not use such information for their own purposes.[4]

The only apparent purpose of the relation between appellant and appellees was to enable appellant, with knowledge of the extent of the damage to the building and the cost of repairs, to attempt to negotiate with the FHA for a private sale of the building to appellant. In the course of this relation between the parties, appellees acquired knowledge as to the extent of damage to the building and the cost of restoration. There is nothing in the record to show that such knowledge thus acquired by appellees was used by them to prevent appellant from accomplishing the purpose of the relation between the parties. Appellees had nothing to do with preventing a private sale from being made by FHA to appellant or with FHA's decision to sell the property at public bid.

■ It may be true that the knowledge appellees acquired as to the extent of necessary repairs to the building was useful or even necessary to them in making their bid at the FHA sale. But this does not mean that in utilizing such knowledge for such a purpose appellees breached a fiduciary relation so that they held the property they purchased from FHA in trust for the benefit of appellant. The reason is that where the public sale of property is brought about by a third party, a person who stood in a fiduciary relationship with another with respect to such property may properly bid at such sale as long as he had no part in procuring the sale or has exercised no control over it. As was stated in Starkweather v. Jenner:

> [T]he sale not being in any wise the result of collusion, nor subject to the control of such a bidder, he is as free, all deceit and fraud out of the way, as any one of the general public.

> Even a trustee has been held competent to purchase the trust property at a judicial sale which he has no interest in, nor any part in bringing about, and which sale he in no way controls.[5]

4. See Lamons Metal Gasket Co. v. Traylor, 361 S.W.2d 211, 213 (Tex.Civ.App.1962).

5. 216 U.S. 524, 528, 30 S.Ct. 382, 384, 54 L.Ed. 602, 604 (1910). See also Thomason v. Beery, 361 Mo. 424, 235 S.W.2d 308, 312 (1950); In re Johnson's Estate, 75 S.D. 595, 71 N.W.2d 77, 79–80 (1955); Corn v. First Texas Joint Stock Land Bank of Houston, 131 S.W.2d 752, 758–759 (Tex.Civ.App.1939).

Appellant has presented no evidence giving rise to a genuine issue of material fact that appellees had brought about the FHA public sale, that they controlled such sale, or that they otherwise were guilty of fraud or deceit or bad faith in acquiring the property for themselves.

In order to prevent entry of summary judgment it was incumbent upon appellant to produce competent evidence showing that there were genuine issues of material fact to be tried.[6] This appellant failed to do. Summary judgment was properly entered in favor of appellees since there were no triable issues of fact and appellees, as a matter of law, were entitled to judgment—there being no showing that appellees violated or breached any fiduciary relation that may have existed between them and appellant.

The judgment is affirmed.

6. Isler v. Jensen, 382 P.2d 901, 902 (Alaska 1963); Lowe v. Boggess, 375 P.2d 199, 200 (Alaska 1962).