**ALASKA AIRLINES, INC., Appellant,**

v.

**RED DODGE AVIATION, INC., Red Dodge, individually, and Prudhoe Bay Oil Distributing Company, Inc., Appellees.**

No. 1209.

Supreme Court of Alaska.

Sept. 21, 1970.

Robert J. McNealy, Jack M. Stern, Jr., Anchorage, for appellant.

Donald A. Burr, Edward W. Tucker, Burr, Pease & Kurtz, Anchorage, for appellees.

Before RABINOWITZ and CONNOR, JJ., MOODY and BUTCHER, Superior Court Judges.

RABINOWITZ, Justice.

In the superior court, appellees in a two-part complaint sued appellant for specific performance and damages. On the basis of the allegations of their complaint, appellees sought the following relief:

1. A declaration that a certain sublease entered into between Alaska Airlines and Prudhoe Bay Oil Distributing Company, Inc., pertaining to land and improvements located at the Anchorage International Airport be declared a binding and legally enforceable contract.

2. That appellant's president, and certain attorneys purportedly acting on behalf of appellant, be ordered to return the subject sublease documents to appropriate State of Alaska officials and "cease and desist from obstructive and improper conduct touching and concerning said sublease."

3. For compensatory and punitive damages flowing from the actions of appellant, its officers, and certain attorneys acting in appellant's behalf.

Appellant answered and asserted several affirmative defenses. In its counterclaim, appellant claimed that appellees' obtaining of the consent of the State of Alaska was a prerequisite to an enforceable sublease, and that appellee Prudhoe Bay Oil Dis-

tributing Company's failure and neglect to secure this consent invalidated the sublease. Appellant also averred that Prudhoe Bay Oil breached the sublease by its assignment of "the demised premises contrary to the provisions of said lease." Appellant asked for a writ of restitution evicting appellees from the hangar and real property described in the sublease, and for restoration of the premises to appellant.

Appellant then moved for partial summary judgment seeking an order "canceling the Sublease between Alaska Airlines, Inc., and Prudhoe Bay Oil Distributing Co., Inc., or its assigns or successors, and the plaintiffs be evicted from the demised premises * * * described in the Sublease * * * and a Writ of Restitution issue." Appellees then filed their own motion for partial summary judgment requesting the court to "enter an order decreeing the validity of the sublease and order the return of the executed documents to the appropriate State officials."

The trial court granted appellees' motion for partial summary judgment. Findings of fact, conclusions of law, and a partial summary judgment were entered.[1]

In this appeal, appellant advances two specifications of error, namely, that the existence of a genuine issue as to a material fact precluded the entry of a partial summary judgment, and further that the findings of fact and conclusions of law include "facts not proved and that are contrary to the evidence and there was no finding that there were no genuine issues

1. Civ.R. 52(a) states in part that:
   Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b).
   As to the necessity of findings of fact and conclusions of law in summary judgment motions under Civ.R. 56, we said in Palzer v. Serv-U-Meat Co., 419 P.2d 201, 205 (Alaska 1966) (footnote omitted), that:
   Decisions which have construed the federal counterparts of our Civ.R. 52 and Civ.R. 56 hold that no findings of

fact are necessary in ruling on motions for summary judgment. We conclude that in disposing of motions for summary judgment under our rules of civil procedure no findings of fact are required of the trial court. And we specifically hold that in granting summary judgment it is unnecessary for the trial court to make findings in regard to the lack of any genuine issues of material fact to be litigated.
See also Alaska State Housing Authority v. Contento, 432 P.2d 117, 122 (Alaska 1967).

of material facts."[2]  We decline to reach these specifications because we lack appellate jurisdiction.

Supreme Court Rule 6 articulates our final judgment rule in the following manner:

> An appeal may be taken to this court from a final judgment entered by the superior court or a judge thereof in any action or proceeding, civil or criminal, except that the state shall have a right to appeal in criminal cases only to test the sufficiency of the indictment or on the ground that the sentence is too lenient.[3]

■  We hold that the "partial summary judgment" entered below is not an appealable final judgment or order within the intendment of Supreme Court Rule 6. Since finality is lacking, we further hold that the appeal should be dismissed.

Civil Rule 56(d) is apposite here.  This subsection of our summary judgment rule states:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.  *It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.*  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.[4] (emphasis added)

This rule is identical to its federal counterpart, Rule 56(d), Federal Rules of Civil Procedure.  Under the federal rule, it has been consistently held that a partial summary judgment entered pursuant to rule 56(d) is not appealable.[5]  We think these authorities persuasive and therefore conclude that the partial summary judgment in question is not an appealable order or judgment under Supreme Court Rule 6.  In the context of the pleadings in this case, issues of compensatory damages, punitive damages, and permanent injunctive relief remain for trial.  We do not believe that finality can be found by reference to Civil Rule 54(b).[6]  This rule states that:

> When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and

---

2.  As to the latter contention, see note 1, *supra*.  Appellees have conceded that portions of the court's findings relating to "wrongful procuring" and "secreting" were not proven and are surplusage.  Appellees further concede that the references "wrongful procurement" and "wrongfully" found in the court's conclusions of law are surplusage.

3.  In its jurisdictional statement, appellant states that the partial summary judgment entered by the trial court in the case at bar "was a final judgment pursuant to Rule 6, Rules of the Supreme Court of Alaska and Civil Rule 54(a)."  This statement of jurisdiction is not contested by appellees.

   Civ.R. 54(a) reads in part:  " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

4.  The findings of fact, conclusions of law, and partial summary judgment entered by the trial court do not comport with the provisions of Civ.R. 56(d).

5.  6 J. Moore, Federal Practice ¶ 56.20 [4] (2d ed. 1966) ; 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1241 (1958).

6.  We note that Civ.R. 56(c) provides in part that:
   A summary judgment, *interlocutory in character*, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (emphasis added)

upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all of the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In the case at bar, the trial court failed to make any "express determination that there is no just reason for delay," and did not expressly direct the entry of a final judgment. Absent such determination and direction, Civil Rule 54(b) indicates that an order or other form of decision is interlocutory in character and subject to revision.[7]

■ That part of the relief granted was a declaratory judgment has no effect on ripeness for appeal of the partial summary judgment. Our declaratory judgment statute confers jurisdiction on the superior court to declare a party's legal rights and relationships regardless of whether further relief is sought and provides that "[t]he declaration has the force and effect of a final judgment or decree and is reviewable as such."[8] Civil Rule 57(a) provides that "[t]he procedure for obtaining a declaratory judgment pursuant to statute shall be in accordance with these rules * * *." The Alaska statute was modeled after the federal Declaratory Judgment Act,[9] so federal precedent is pertinent.[10] The intent of Civil Rule 57 (a), which is the Alaska counterpart to Federal Rule of Civil Procedure 57, is to establish that the general rules of pleading and civil procedure apply to actions for declaratory relief.[11] Declaratory relief, therefore, like other relief, is governed by Civil Rule 54(a), regulating an appeal from a judgment adjudicating less than all of the claims for relief in an action.[12]

■ The statutory language quoted above, giving a declaratory judgment the force of a final judgment and making it "reviewable as such"[13] does not change the effect of Civil Rule 54(b) on partial summary judgment. The statutory language means "no more than that with regard to finality and review, declaratory judgments are like other judgments."[14]

Our study of the record has failed to disclose any compelling reasons for treating this proceeding as a petition for review and for the exercise of our discretionary review jurisdiction.

Appeal dismissed.

BONEY, C. J., and DIMOND, J., not participating.

7. Civ.R. 54(b) is intended to avoid piecemeal review except where there is a danger of hardship and injustice through delay. Jefferson v. Spenard Builders' Supply, Inc., 366 P.2d 714 (Alaska 1961); Edwards v. Franke, 364 P.2d 60 (Alaska 1961).

8. AS 22.10.020(b).

9. Jefferson v. Asplund, 458 P.2d 995, 996 (Alaska 1969).

10. Id. at 997, n. 7.

11. Id. at 999.

12. 6A J. Moore, Federal Practice § 57.32 (2d ed. 1966).

13. AS 22.10.020(b).

14. Southern Parkway Corp. v. Lakewood Park Corp., 106 U.S.App.D.C. 372, 273 F.2d 107, 108 (1959); *see also* Petrol Corp. v. Petroleum Heat & Power Co., 162 F.2d 327 (2d Cir. 1947) (Clark J.).