**BRAUND, INC., Appellant,**

v.

**Frank WHITE, d/b/a Glacier Construction Company, Appellee.**

**No. 1320.**

Supreme Court of Alaska.

June 11, 1971.

· Clark S. Gruening, McCutcheon, Groh, Benkert & Greene, Anchorage, for appellant.

Eric E. Wohlforth and Robert B. Flint, McGrath, Wohlforth & Flint, Anchorage, for appellee.

Before DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

ERWIN, Justice.

This is an appeal from a partial summary judgment.

## I. FACTS

The original complaint was filed by appellee, Glacier Construction Company, on November 20, 1969. It contained two counts. Count I alleged the conversion of ten items of equipment with a value of approximately $25,000, taken in November of 1968. Count II, not at issue here, alleged a breach of contract with regard to a certain joint venture entered into between the parties resulting in damages in the amount of $272,000. The appellant's answer to Count I denied the allegations regarding the conversion, except that Braund, Inc., admitted that the property mentioned was, at the time it took possession, situated on premises of Glacier Construction near Palmer. All the other allegations were denied.

On March 26, 1970, Glacier Construction moved for a partial summary judgment on Count I, apparently on the basis that a sale agreement with attached inventory had been entered into between Braund, Inc., and Matanuska Valley Bank, that the property in question was not included in the agreement, and that therefore appellee was entitled to summary judgment as a matter of law.

Attached to the memorandum in support of the motion for partial summary judgment was an affidavit of appellee, Frank White. Mr. White affied that on the 24th day of October, 1968, he conveyed certain properties to the Matanuska Valley Bank, that such property was identical with the list of property sold by Matanuska Valley Bank to Braund, Inc., on October 24, 1968,

and that he had no direct dealings himself with Braund, Inc. Mr. White further affied that the property in question herein was not covered in the bill of sale between Matanuska Valley Bank and Braund, Inc. Also attached to the above memorandum was a portion of the deposition of Melvin A. Braund taken in another case. Mr. Braund had testified that Braund, Inc., had bought the listed items from the Matanuska Valley Bank, and that the list was intended to include everything that Mr. White had conveyed to the bank, with the exception of certain equipment that was on the barge coming from Iliamna.

Subsequently, a statement of genuine issues of material fact was filed on behalf of Braund, Inc., which provided as follows:

Whether or not the items of property which plaintiff alleged were converted by defendant were included in the Bill of Sale of October 24, 1968.

In opposition to the motion for summary judgment, the affidavit of William Padgett was filed, which provided specifically that Mr. Padgett, then an officer of Braund, Inc., had gone to the premises of Glacier Construction near Palmer with a vice president of the Matanuska Valley Bank and was told that the bank wished to sell everything, including all equipment parts located on the premises. The affidavit further provided that Mr. Padgett was present at a meeting on October 2, 1968, when the sale took place, that it was the intention at that time of the Matanuska Valley Bank to sell all of the equipment to Braund, Inc., and that such equipment included all of the property alleged to have been converted. A similar affidavit was filed by Melvin Braund concerning the intention of the parties.

In its memorandum in opposition to the motion for summary judgment, Braund, Inc., contended that all of the property in question had been sold by Glacier Construction to the Matanuska Valley Bank and, in turn, sold by the latter to Braund. There was a further contention that the bill of sale contained certain language

which was capable of more than one interpretation, but was intended to cover the property in question. Braund, Inc., asked for further discovery from the bank, indicating a belief that further discovery would show that the Matanuska Valley Bank actually repossessed all of Glacier Construction's property under a security agreement.

In reply to this, Glacier Construction argued that there was no ambiguity in the contract, that under the case of Port Valdez Co. v. City of Valdez, 437 P.2d 768 (Alaska 1968), no parol evidence would be permitted and that therefore discovery as to the intention of belief of bank officers could reveal only inadmissible facts. Glacier Construction further argued that no additional discovery should be permitted because Braund had already had ample time for discovery. Finally, Glacier Construction asserted that "[i]t is clear here that defendant has failed to set forth facts showing that they can produce admissible evidence which reasonably would tend to dispute or contradict plaintiff's evidence and thus demonstrate to the court a triable issue of fact exists * * *."

The superior court heard the motion for summary judgment on May 12, 1970, and granted partial summary judgment as to Count I of the complaint. Subsequently, on May 19, 1970, Braund, Inc., objected to the judgment on the grounds that the valuation of the property converted was improper, and that additional testimony should be taken as to valuation. On May 20, 1970, a formal judgment was entered in the amount of $18,100.

On May 22, 1970, a combined motion to alter or amend the judgment and for leave to bring in the bank as a third party defendant was filed on the grounds that the bank had in fact warranted that all the property was salable to Braund, Inc. Another affidavit of William Padgett was filed the morning of June 16, 1970, which raised the additional contention that the sale of certain vans included in the property list was intended to include all of the materials stored therein. That same day a hearing was held, the combined motion was denied, and notice of appeal was filed from the judgment signed May 20, 1970.

## II. APPEALABLE ORDER

The partial summary judgment below as to Count I of a two-count complaint against the same defendant is clearly covered by Civil Rule 54 which provides in section (b) as follows:

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all of the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The judgment in this case does not mention the requirements of Civil Rule 54, and does not contain any language indicating that it was intended by the trial court to be immediately appealable:

Plaintiff's motion for partial judgment on count one of the complaint herein pursuant to Civil Rule 52, having come on for hearing on the 12th day of May, 1970, and the court being duly advised on the premises, and having considered by plaintiff's motion and affidavits and defendant's memorandum and affidavits in Opposition, and the court finding that there is no genuine issue as to the material fact that the following property of the following value was converted, to wit: (list omitted) for a total value of $18,100.00, and that plaintiff is entitled

to a judgment as a matter of law in accordance with the complaint for damages in the amount of $18,100.00,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff have judgment on count one of the complaint in the amount of $18,100.00.

Although Glacier Construction has not raised a finality issue on appeal, in Jefferson v. Spenard Builders' Supply, Inc., 366 P.2d 714, 715–716 (Alaska 1961), this court held that both an express determination that there is no just reason for delay and an express direction for the entry of judgment are actual prerequisites to the finality of judgment under Civil Rule 54(b) from which an appeal can be taken. However, the *Spenard Builders'* case also went on to hold that in the exercise of sound discretion this court, after finding that the policy permitting appeals only from the final decisions was outweighed by a need for early

consideration of a non-appealable order, had the authority to review such order or decisions of the superior court regardless of the finality concept.[1]

■ The unusual fact situation in this case, together with the fact that a money judgment was entered against appellant with execution being stayed pending determination of this case on appeal, present sound reasons for review, even though appeal would not ordinarily be permitted.

## III. SUMMARY JUDGMENT

■ The theory underlying a motion for summary judgment is substantially the same as that underlying a motion for directed verdict.[2] The essence of both motions is that there is no genuine issue of material fact to be resolved by the trier of fact, and that the movant is entitled to judgment on the law applicable to the established facts.[3] As with a motion for di-

1. Normally, the appeal of a decision on one count of a multiple count complaint would be controlled by our decision in Alaska Airlines, Inc. v. Red Dodge Aviation, 475 P.2d 229 (Alaska 1970), which dismissed as premature an appeal of a judgment on one count of a multiple count complaint. However, in this case the court decided both the issue of liability and damages as to Count I of the complaint and issued a writ of execution upon its judgment, intending to finally dispose of this count. Neither party raised the issue of finality before the lower court, nor was the issue raised in this court because both parties and the trial court assumed the decision to be final. Under these circumstances, it would not be appropriate to insist on a technical interpretation of Rule 54(b) and the requirement of noting in the judgment that there is no reason for delay in order to insure the trial court intended it to be final. The trial court has the discretionary authority to issue such an order nunc pro tunc [see Kaufman & Ruderman v. Cohn & Rosenberger, 177 F.2d 849 (2nd Cir. 1949); Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967)] where it clearly appears that the failure to comply with Rule 54 was inadvertent and such an order would have properly been raised had it been called to the attention of the trial court. In order to not un-

necessarily prolong this particular case, we have thus used our discretionary authority to consider this matter as a writ of review.

2. For an excellent discussion on the entire subject, see Clary, Summary Judgment Before Trial (Cal. Continuing Education of Bar, 1957). For other worthwhile treatments, see 6 Moore, Federal Practice §§ 56.01 [1]–56.27 [3]; Bauman, Summary Judgment, The Texas Experience, 31 Tex.L.Rev. 866 (1953); Comment, Summary Judgment in Federal Courts, 2 Catholic U. of America L.Rev. 20 (1951); Forkosch, Summary Judgment in Automobile Negligence Cases: A Procedural Analysis and Suggestions, 53 Cornell L.Rev. 814 (1968); Hays, The Use of Summary Judgment, 28 F. R.D. 126, 130–132 (1960); Korn & Paley, Survey of Summary Judgment on the Pleadings & Related Pre-Trial Procedures, 42 Cornell L. Quarterly 483, 488–90 (1957); Trautman, Motions for Summary Judgment—Their Use and Effect in Washington, 45 Wash.L.Rev. 1 (1970); Note, Summary Judgment in the Federal Courts, 99 U.Pa.L.Rev. 212 (1951); Note, 34 Wash.L.Rev. 204 (1959).

3. The most difficult determinations lie in the area of credibility. The question of when summary judgment should be denied because of credibility is difficult to

rected verdict, all inferences of fact from the proferred proofs must be drawn against the movant and in favor of the party opposing the motion.[4] The moving party has the burden of proof to establish that the allegations he makes are true and that any defenses alleged are inapplicable under the facts of the case.[5]

A motion for summary judgment should eliminate false claims and blanket denials. In effect it says to both parties, "Tell us now what evidence you have to support your position." The court should subject the claim, crossclaim, counterclaim or answer to close examination, and expose its basic structure or lack of substance.[6]

determine. In cases where there is objective evidence such as documentary proof [*See* Semlek v. National Bank of Alaska, 458 P.2d 1003 (Alaska 1969) (bank records); Port Valdez Co. v. City of Valdez, 437 P.2d 768 (Alaska 1968) (contract); Alaska-Canadian Corp. v. Ancow Corp., 434 P.2d 534 (Alaska 1967) (settlement documents); Hart v. National Indemnity Co., 422 P.2d 1015 (Alaska 1967) (insurance policy); Hickel v. Stevenson, 416 P.2d 236 (Alaska 1966) (tax returns); Inman v. Clyde Hall Drilling Co., 369 P.2d 498 (Alaska 1962); Gilbertson v. City of Fairbanks, 368 P.2d 214 (Alaska 1962) (utility bills); *but see* Gablick v. Wolfe, 469 P.2d 391 (Alaska 1970) (Deed of Trust package and real estate documents)], the issue of credibility is substantially less important than in cases where the court is required to measure the conduct of the litigants against the conduct of a reasonable man. [McKean v. Hammond, 445 P.2d 679 (Alaska 1968); Hobbs v. Mobil Oil Co., 445 P.2d 933 (Alaska 1968); Bertram v. Harris, 423 P.2d 909 (Alaska 1967); Wilson v. Pollet, 416 P.2d 381 (Alaska 1966); Maier v. City of Ketchikan, 403 P.2d 34 (Alaska 1965); Ransom v. Haner, 362 P.2d 282 (Alaska 1961); *but see* Morrison v. City of Anchorage, 390 P.2d 782 (Alaska 1964).] However, as Professor Moore points out in 6 Moore, Federal Practice § 56.15 [1.—0] at 2285: "Although summary judgment may be generally more useful in certain types of actions, any rigid generalization is apt to be faulty."

4. 6 Moore, Federal Practice § 56.04 [2] at 2066–67; Wilson v. Pollet, 416 P.2d 381, 384, n. 13 (Alaska 1966).

5. In order to carry the burden of proof in summary judgment, the party seeking the judgment must not only prove his own case but also disprove the affirmative defenses of his opponent. Hobbs v. Mobil Oil Corp., 445 P.2d 933 (Alaska 1968); Wilson v. Pollet, 416 P.2d 381 (Alaska 1966); Wright v. Prior, 417 P.2d 602 (Alaska 1966). He has the entire burden of proving that his oppo-

nent's case has no merit. Wilson v. Pollet, supra. Summary judgment depends upon provable facts. The court must pierce the pleadings in search of genuine factual issues, placing a definite burden on both the movant and the respondent to present sworn facts in support of their positions. The respondent must present factual material to avoid summary judgment, and he may not rely on general allegations. If respondent does not have the facts necessary to controvert the claims made by movant, he must ask for additional time to obtain them under Civil Rule 56(f) or suffer the consequences of not properly opposing a motion for summary judgment. Alaska-Canadian Corp. v. Ancow Corp., 434 P.2d 534 (Alaska 1966); Isler v. Jensen, 382 P.2d 901 (Alaska 1963); Gilbertson v. City of Fairbanks, 368 P.2d 214 (Alaska 1962). A mere allegation by respondent that it is possible that he may get proof of his position in the future is insufficient. To base denial of a motion for summary judgment on such an allegation would ignore the plain meaning of Civil Rule 56. It would operate to defeat the purpose of requiring the parties to show by *evidence* that summary judgment is or is not proper, and would destroy the effectiveness of the rule.

6. Judge Beatty, Summary Judgment, 36 J. of Bar Assn. of Kansas 17, 18 (1967). The basic problem with summary judgment is not its definition but its application. The suggestions of Judge Zack in his article, "A Primer for Summary Judgment," 11 W. Los Angeles L.Rev. 1 (1970), on how to determine whether a litigant should file a motion for summary judgment are particularly informative. Judge Zack advances the following rules for avoiding most of the common errors which frustrate the use of summary judgment in trial courts:

Rule 1. Substantial discovery should be taken before the motion is made. Rule 2. An affidavit or declaration supporting a summary judgment must on its face competently allege all facts necessary to satisfy the rules of evidence.

## IV. MERITS

Glacier Construction offered proof that it had transferred certain property to the bank which, in turn, had sold it to Braund, Inc.; that the list attached to the bill of sale between the bank and Braund, Inc., was identical with the list of property which Glacier Construction had transferred to the bank; and that neither list included the property alleged to have been converted by Braund, Inc.

While Glacier contends it did not transfer ownership of the disputed property to the bank, the affidavits of Padgett and Mel Braund indicate that Frank White of Glacier and his attorney were present at a meeting with officers of the bank when it was agreed that all the property of Glacier at the Palmer yard would be sold to Braund, Inc. Braund contends that certain portions of the bill of sale were intended to reflect this intention.

In response, Glacier asserts that the evidence submitted in the Padgett and Braund affidavits would be inadmissible under the parol evidence rule because it would vary the terms of an unambiguous contract between the bank and Braund. Therefore, Glacier argues that summary judgment was proper because there was no competent evidence to establish a genuine issue of fact.

While Glacier is correct in its legal argument that the propriety of granting summary judgment depends on the absence of a genuine issue as to any material fact,[7] and that no genuine issue of fact is raised where one party's understanding of such a fact is based on inadmissible evidence,[8] it is not correct as to the application of the parol evidence rule in this case.[9]

The sale transactions between Glacier Construction and Matanuska Valley Bank, and between the bank and Braund, Inc., were covered by the terms of the Uniform Commercial Code in AS 45.05.052, which provides the following statement with regard to the admission of parol evidence:

> Terms with respect to which the confirmatory memoranda of the parties agree, or which are otherwise set out in a writing intended by the parties as a final expression of their agreement with respect to the terms included in the writing, may not be contradicted by evidence of a prior agreement or of a contemporaneous oral agreement, but may be explained or supplemented
>
> \*      \*      \*      \*      \*      \*
>
> (2) by evidence of consistent additional terms unless the court finds the writing was intended also as a complete and exclusive statement of the terms of the agreement.

This section permits the introduction of parol evidence in sale transactions to explain or supplement the writing through evidence of consistent additional terms, unless the court finds the writing was intended as a complete and exclusive expression of the terms of the contract.[10] No finding

> Rule 3. Plaintiff's support for a motion for summary judgment must prove every element of his cause of action, and expressly disprove every affirmative defense of the answer. Defendant's support must either prove an affirmative defense, or disprove one or more elements essential to plaintiff's case.
>
> Rule 4. A motion for summary judgment is not a motion for a nonsuit before trial.
>
> Rule 5. A motion for summary judgment will not be granted if it depends upon the credibility of the moving party.

7. Civ.R. 56(c).

8. Twelve Hundred "L" Street Corp. v. Inlet Co., 438 P.2d 708, 710 (Alaska 1968).

9. Although there is a conflict of authority on this point, we think the better view is that Glacier can raise the parol evidence rule even though it is a stranger to the agreement between the bank and Braund, Inc. 9 Wigmore, Evidence, § 2446 at 149–51 (3d ed. 1940); 4 Williston, Contracts § 647 at 1154–1167 (3d ed. 1961); 3 Corbin, Contracts § 596 (1950); Akamine & Sons Ltd. v. Am. Security Bank, 50 Haw. 304, 368, 440 P.2d 262, 265–266 (1968).

10. Uniform Commercial Code § 2–202, Official Comment 3; Michael Schiavone

of ambiguity is necessary in order to permit the additional testimony.

■ Therefore, in order to exclude parol evidence testimony concerning the inclusion of the additional terms in the sale agreements between either Glacier and the bank, or the bank and Braund, Inc., the trial court must make the specific finding either that the agreement was intended to be a complete and exclusive statement of the terms of the contract,[11] or that, as a matter of law, the additional terms asserted were such that, if they had been agreed upon, they certainly would have been included in the documents of sale.[12] In the absence of either of these findings, the superior court must admit evidence of consistent terms.[13] Neither finding was made by the court. Therefore, evidence as to the intention of Glacier, Braund, Inc., and the bank would be admissible, and a genuine issue of material fact presented.

In the event the trial court determines that, under the Uniform Commercial Code, no parol evidence can be introduced, this does not end the inquiry. The Code does not preclude the common law remedy of reformation[14] for mutual mistake,[15] to which the parol evidence rule is not applicable.[16]

The evidence in the affidavits of Braund and Padgett, together with the pleadings, indicates a forced sale from Glacier to the bank, the latter then selling to Braund,

Inc., with all parties participating in a conference at the bank where the details of the double transaction were worked out. If Braund, Inc., can present convincing evidence that the parties to the two contracts intended them to cover the disputed property, then reformation would be available to correct the documents to reflect the true agreements of the parties.

It is possible that the factual evidence will show that the contracts were intended by the parties as a complete and exclusive statement of all the terms of the agreements, and that there was no intent to transfer the property in question. The problem, however, is that the present record does not reveal undisputed facts as to these material issues. Only testimony from officers of the bank can settle with reasonable certainty these questions and establish whether Glacier or Braund, Inc., is correct concerning the question of ownership. Braund, Inc., requested an opportunity to take further discovery from the bank on this point. However, that request was denied. Under this state of the pleadings, we hold the denial to be error, and the granting of partial summary judgment to be premature.

This case is reversed and remanded for further proceedings in conformity with this opinion.[17]

BONEY, C. J., not participating.

& Sons, Inc. v. Securalloy Co., 312 F. Supp. 801; 803 (D.Conn.1970).

11. AS 45.05.052(2).

12. Uniform Commercial Code § 2–202, Official Comment 3; Crispin Co. v. Delaware Steel Co., 283 F.Supp. 574, 575 (E.D.Pa.1968).

13. "To be inconsistent the term must contradict or negate a term of the writing. A term or condition which has a lesser effect is provable." Whirlpool Corp. v. Regis Leasing Corp., 29 A.D.2d 395, 288 N.Y.S.2d 337, 340 (1968). See also McDown v. Wilson, 426 S.W.2d 112, 117 (Mo.App.1968); Hunt Foods & Industries, Inc. v. Doliner, 26 A.D.2d 41, 270 N.Y.S.2d 937, 940 (1966); cf. Crispin Co. v. Delaware Steel Co., 283 F.Supp. 574, 575 (E.D.Pa.1968).

14. AS 45.05.006.

15. 13 Williston, Contracts §§ 1547–1549 at 111–137 (3d ed. 1970); Restatement of Contracts § 504 (1932).; Gablick v. Wolfe, 469 P.2d 391, 394–395 (Alaska 1970).

16. Gablick v. Wolfe, 469 P.2d 391, 394 (Alaska 1970); Stephenson v. Ketchikan Spruce Mills, Inc., 412 P.2d 496, 500 (Alaska 1966).

17. Braund, Inc., alleged error in the failure of the court to permit the filing of a third party complaint against the Matanuska Valley Bank. Since this case is returned to the superior court for further proceedings, we do not pass on this claim except to note that this matter should be further considered by the superior court in line with the opinions expressed herein.