Robert HIMSCHOOT, Sr., Appellant,

v.

Tony DUSHI, Appellee.

No. S–7861.

Supreme Court of Alaska.

Feb. 13, 1998.

John Bernitz, Law Office of John Bernitz, Anchorage, for Appellant.

Cecilia M. LaCara, Hedland, Brennan, Heideman & Cooke, Bethel, for Appellee.

Before MATTHEWS, C.J., and COMPTON, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

## I. INTRODUCTION

Robert Himschoot, Sr. appeals the superior court's affirmance of the district court's decision to grant Tony Dushi summary judgment on Dushi's breach of contract claim. Because Dushi failed to carry his initial burden in his motion for summary judgment, we reverse.

## II. FACTS AND PROCEEDINGS

Dushi contracted to sell his Bethel taxi business to Himschoot for a purchase price of $15,000. As consideration for a covenant not to compete, Himschoot agreed to pay Dushi an additional $15,000 in three annual installments of $5,000. The covenant provided:

> 11. *SELLER's Non-competition Covenant*
>
> SELLER promises not to engage in any competition with the taxi business in the City of Bethel for a period of three (3) years, either by starting a new taxi business under any name or by driving for a competitor of the taxi business, which BUYER intends to operate under the name of HWH Enterprises, Inc., so long as the BUYER maintains the taxi business as a going concern. SELLER further prom-

> ises not to discourage other taxi drivers in Bethel from working for HWH Enterprises, Inc. In consideration for SELLER's covenant not to compete, BUYER shall pay SELLER five thousand dollars ($5000.00) per year for three years in three equal installments payable on or before the 1st day of April for the years 1994, 1995, and 1996.
>
> SELLER further promises to do nothing which will in any way impair or prejudice the name or reputation of Taxi Cab or this taxi business under the new name of HWH Enterprises, Inc., and promises not to prejudice the name of any driver working for the taxi business.

Himschoot paid Dushi $15,000 and in return received ownership of the taxi business. When Himschoot failed to pay the first $5,000 installment for the covenant not to compete, Dushi brought a breach of contract claim demanding payment of the remaining $15,000. Dushi then moved for summary judgment on the breach of contract claim. He submitted a memorandum of law with his summary judgment motion but included no supporting documents.

Himschoot opposed the motion for summary judgment. He argued that his obligation to pay Dushi the additional $15,000 was excused by Dushi's "bad mouthing" the company in violation of the covenant "to do nothing which will in any way impair or prejudice the name or reputation" of the taxi business or its drivers for three years subsequent to the sale. Himschoot reiterated the allegation of "bad mouthing" in his sworn affidavit accompanying his opposition to summary judgment. He further stated that "I had other customers also advise me that the prior owner was making critical statements about the new management."

The court granted Dushi's motion for summary judgment, stating:

> The contract states the three yearly installment payments were to be made in consideration for Dushi's covenant not to compete. Contract, Term 3. The parties do not dispute that Himschoot failed to pay the two installments of $5,000 due on April 1, 1994 and April 1, 1995. Thus, Dushi has

put forth a prima facie case for liability, placing the burden on Himschoot to demonstrate a genuine issue of material fact to be litigated.

The court found that Himschoot's assertions regarding Dushi's "critical statements about the new management" failed to raise a genuine issue of material fact because they constituted inadmissible hearsay upon which Himschoot could not rely.

Himschoot filed a motion to clarify and a motion to reconsider the summary judgment order. The court clarified its order but denied Himschoot's motion for reconsideration. In its memorandum opinion, the court stated that "even if [Himschoot] had offered proof that Mr. Dushi had 'bad mouthed' the company, this court is not wholly convinced that such statements would be a *per se* breach of the covenant." The court reasoned that the contract provision in which Dushi promised not to impair or prejudice the reputation of the taxi business was not part of the noncompetition covenant. The court interpreted the contract

as setting forth three absolute conditions regarding the covenant not to compete: (1) starting a new taxi business; (2) driving for the competition of the taxi business; and (3) discouraging other taxi drivers from working for HWH Enterprises, Inc. in Bethel. In consideration of these promises by the seller, the "buyer shall pay seller five thousand dollars ($5,000.00) per year for three years in three equal installments payable on or before the 1st day of April for the years 1994, 1995 and 1996."

It is in the next paragraph, that the two other "conditions" appear: (1) that the "seller further promises to do nothing which will in any way impair or prejudice the name or reputation of Taxi Cab or this taxi business under the new name of HWH Enterprises, Inc."; and (2) "promises not to prejudice the name of any driver working for the taxi business." (*See* Contract at paragraph 11).

However, the court notes that no additional consideration is recited as payment for the seller's compliance with these "conditions." Therefore, it is not clear in this court's mind that these "conditions" would

be fully binding as the principles of equity would not allow one individual to hold another to a contract secured without consideration.

Himschoot appealed to the superior court, which affirmed the district court's decision in its entirety. Himschoot appeals.

## III. DISCUSSION

### A. Standard of Review

■ "A grant of summary judgment based upon the interpretation of a contract is subject to de novo review." *Neal & Co. v. Association of Village Council Presidents Reg'l Hous. Auth.*, 895 P.2d 497, 502 (Alaska 1995). "[T]his court must determine whether any genuine issue of material fact exists and whether on the established facts the moving party is entitled to judgment as a matter of law." *Nielson v. Benton*, 903 P.2d 1049, 1051–52 (Alaska 1995). The moving party "has the entire burden of proving that his opponent's case has no merit." *Nizinski v. Golden Valley Elec. Ass'n*, 509 P.2d 280, 283 (Alaska 1973) (quoting *Braund, Inc. v. White*, 486 P.2d 50, 54 n. 5 (Alaska 1971)). "This burden must be discharged by submission of material admissible as evidence. Assertions of fact in pleadings and memoranda, unauthenticated and unsworn documents, and uncertified copies of public records are not admissible in evidence and cannot be relied upon for purposes of summary judgment." *Concerned Citizens of S. Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 450 (Alaska 1974). On a motion for summary judgment, the non-moving party is not obligated to demonstrate the existence of a genuine issue for trial until the moving party makes a *prima facie* showing of its entitlement to judgment on established facts. *See Shade v. Co & Anglo Alaska Serv. Corp.*, 901 P.2d 434, 437 (Alaska 1995).

### B. Did the Trial Court Err in Granting Summary Judgment Given Dushi's Failure to Establish a Prima Facie Showing of Breach of Contract?

■ To carry his initial burden at summary judgment, Dushi was required to submit material, admissible as evidence, that

established a *prima facie* claim of breach of contract. *See Concerned Citizens*, 527 P.2d at 450. Such material could have included a sworn affidavit stating that Dushi had performed his obligations under the contract's covenant not to compete and that Himschoot had failed to pay the $5,000 installments as they came due. Dushi relied, however, upon assertions of fact in the pleadings and his legal memorandum; he failed to file any documentation with his summary judgment motion that would have been admissible as evidence.[1] The district court therefore erred in granting his motion for summary judgment. Because we conclude that Dushi did not meet his initial burden, we need not reach the questions of whether the trial court abused its discretion by making factual inferences in favor of the moving party, and by failing to grant Himschoot additional time under Civil Rule 56(f) to conduct discovery.[2]

## IV. CONCLUSION

We REVERSE the superior court's affirmance of the district court's grant of summary judgment and REMAND with directions to remand to the district court for proceedings consistent with this opinion.

---

1. We reject Dushi's assertion that certain of Himschoot's admissions constituted admissible evidence supporting Dushi's summary judgment motion. Once Dushi filed his motion for summary judgment, to which an unanswered request for admissions was appended, Himschoot responded to the request. Without ruling on whether the request had been properly served, the district court found Himschoot's answers timely for the purposes of summary judgment. Dushi now contends that the district court abused its discretion in doing so. We disagree. The withdrawal of an admission is permitted if "the merits of the action will be subserved thereby" and no prejudice will result. Alaska Civil Rule 36(b). We have held that "[a] party can demonstrate that withdrawal of admissions subserves the merit[s] by showing that the admission concerns a key factual issue." *City of Kenai v. Ferguson*, 732 P.2d 184, 190 (Alaska 1987). The disputed admissions in the present case concerned key factual issues. Therefore, we hold that the district court did not abuse its discretion in finding Himschoot's answers timely filed. As a result, Dushi's argument fails.

2. In order to provide guidance to the trial court on remand, however, we address Himschoot's contention that the trial court erred in finding that the covenants contained in the second paragraph of Term No. 11 were unenforceable for want of consideration. Term No. 3 of the contract states: "An additional fifteen thousand dollars ($15,000) shall be payable in three installments over three years *pursuant to term No. 11 in consideration for SELLER's covenant not to compete.*" (Emphasis added.) This indicates that the $15,000 payment is in consideration for Term No. 11 in its entirety. Term No. 11, all of which is entitled "SELLER's Non-competition Covenant," includes the seller's promise "to do nothing which will in any way impair or prejudice the name or reputation of Taxi Cab or this taxi business."

To interpret the contract so that there is no consideration for this part of the covenant not to compete would be contrary to the rule that courts should give effect to all parts of a contract and would render the last paragraph of the covenant useless or inexplicable. We have repeatedly held that "[a] court should not interpret an agreement in a manner which would give meaning to one part of an agreement at the cost of annulling another part." *Betz v. Chena Hot Springs Group*, 657 P.2d 831, 835 (Alaska 1982); *see also Earth Movers of Fairbanks, Inc. v. State, Dep't of Transp. and Pub. Facilities*, 824 P.2d 715, 717–18 (Alaska 1992) (interpreting contract based on document as a whole). It would be unreasonable to conclude that the parties agreed to this promise as part of the non-competition covenant without intending it to be binding and enforceable. Therefore, the district court erred in its interpretation of the contract.