NOTICE
*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JESSE A. KATAIROAK SR., ) | Supreme Court Nos. S-16319/16328 |
| ) | (Consolidated) |
| Appellant, ) | |
| ) | |
| v. ) | Superior Court No. 3AN-16-05015 CI |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | MEMORANDUM OPINION |
| OF REVENUE, CHILD SUPPORT ) | AND JUDGMENT* |
| SERVICES DIVISION, ) | |
| ) | No. 1629 – May 24, 2017 |
| Appellee. ) | |
| ) | |
| ) | |
| JESSE A. KATAIROAK SR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| ) | Superior Court No. 3AN-16-05017 CI |
| v. ) | |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | |
| OF REVENUE, CHILD SUPPORT ) | |
| SERVICES DIVISION, ) | |
| ) | |
| Appellee. ) | |
| ) | |

Appeal in File No. S-16319 from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge. Appeal in File No. S-16328 from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

_____

\*       Entered under Alaska Appellate Rule 214.

Appearances:   Jesse A. Katairoak, Sr., pro se, Wasilla, Appellant.  Glenn M. Gustafson, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Appellee.

Before:  Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

A father appeals two separate superior court orders allowing the Department of Revenue's Child Support Services Division (CSSD) to attach his Alaska Native Claims Settlement Act (ANCSA) corporate stock dividends for child support arrears.  He argues that:  (1) the superior courts improperly attached his ANCSA stock dividends through summary judgment; (2) the courts should have ordered CSSD to first engage in alternative dispute resolution; and (3) CSSD improperly imputed income to him for a period of time in one of his cases.  Because the superior courts did not err, we affirm both orders in this consolidated decision.

## II.    FACTS AND PROCEEDINGS

Jesse Katairoak, Sr. is the father of two minor children with different mothers.  In 2011 CSSD served Katairoak separate administrative child support orders for the two children.  Because Katairoak was incarcerated he was ordered to pay the minimum child support amount of $50 per month to each custodial parent.[1]  Katairoak does not dispute that he is in arrears.

Although Katairoak has been incarcerated for most of his children's lives, he was out of prison between December 2012 and May 2014.  In January 2014 CSSD administratively modified Katairoak's support obligation for only his younger child,

---

[1]    Alaska R. Civ. P. 90.3(c)(3) ("The minimum child support amount that may be ordered is $50 per month . . . .").

increasing his monthly obligation to $240 as of November 2013. CSSD calculated his obligation "[b]ased on AK Min wage and PFD," effectively imputing income to him. This modification was allegedly mailed to Katairoak in February 2014 and remained in effect until a new modification order reducing his monthly support obligation back to the $50 minimum was issued in September 2015, almost 16 months after Katairoak had been re-incarcerated. Katairoak claims that he did not receive notice of the 2014 modification.

In February 2016 CSSD filed separate petitions in superior court to attach Katairoak's Arctic Slope Regional Corporation (ASRC) stock dividends and future Permanent Fund Dividends to pay child support arrears owed to his children's custodial parents. CSSD soon thereafter filed summary judgment motions before the two different superior court judges. After Katairoak opposed CSSD's petitions and summary judgment motions, both superior courts granted CSSD's summary judgment motions in May 2016. Katairoak — self-represented — appeals both orders. We consolidated the appeals for this decision.[2]

## III.  STANDARD OF REVIEW

"We review grants of summary judgment de novo."[3]

## IV.  DISCUSSION

Katairoak primarily argues that the superior courts erred by granting summary judgment to attach his ASRC stock dividends to pay his child support arrears. He also argues that the courts should have first ordered the parties to engage in alternative dispute resolution.

---

[2]      *See* Alaska R. App. P. 204(i) ("Appeals may be consolidated by order of the appellate court upon its own motion or upon motion of a party.").

[3]      *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 516 (Alaska 2014) (citing *Hurn v. Greenway*, 293 P.3d 480, 483 (Alaska 2013)).

Katairoak does not dispute that he is in arrears and makes no showing that his ASRC stock dividends were attached illegally.[4] He also cites no law requiring CSSD to attempt to resolve his child support arrears through alternative dispute resolution prior to attaching his ASRC stock dividends.[5] We therefore affirm the superior courts' orders granting summary judgment.

Katairoak also argues that CSSD erred in administratively modifying his child support obligation in 2014 for his youngest child. To the extent Katairoak argues he was not given notice of CSSD's 2014 child support modification or that he was improperly imputed income, those issues are not properly before us, and, in any event, we do not have sufficient evidence in the record to determine whether notice was

---

[4] *See* 43 U.S.C. § 1606(h)(1)(C) (2012) ("Notwithstanding the restrictions set forth in subparagraph (B), [ANCSA] Common Stock may be transferred to a Native or a descendant of a Native — (i) pursuant to a court decree of separation, divorce, or child support . . . ."); *see also Calista Corp. v. DeYoung*, 562 P.2d 338, 343-44 (Alaska 1977) (holding ANCSA stock dividends may be garnished to pay child support arrears).

[5] *Cf.* AS 25.20.080(a) (allowing courts in their discretion to "order the parties to submit to mediation" in child custody disputes).

Katairoak does assert that the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution provide him a right to trial or alternative dispute resolution in this case; the Alaska Constitution has similar provisions. *See* Alaska Const. art. I, §§ 7, 16. But summary judgment neither deprives litigants of due process nor violates the right to trial by jury. *See Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 499 (Alaska 2013); *see also Patterson v. Infinity Ins. Co.*, No. S-15589, 2016 WL 1545152, at *4 (Apr. 13, 2016).

proper.[6]  If Katairoak wants to contest CSSD's 2014 modification he may seek relief directly from CSSD.[7]

## V.    CONCLUSION

We AFFIRM the superior courts' orders granting summary judgment in favor of CSSD.

---

[6]    *See* AS 25.27.160(a) (outlining notice requirements); AS 25.27.190(c) (same); *see also* Alaska R. Civ. P. 90.3 cmt. X.B ("[T]he notice of petition for modification sent by [CSSD] triggers the legal process for modification of child support awards and thus an increase or decrease of support back to the date of this notice does not constitute retroactive modification.").

[7]    15 Alaska Administrative Code (AAC) 125.125(a) (2013) ("A party to an administrative order . . . may file . . . a written request for relief from the order after the deadline . . . for filing an appeal.  The request must state one or more of the specific grounds for relief listed in (b) of this section and explain why relief is justified."); *see also* 15 AAC 125.121(a) ("Upon request from an obligor, the agency will vacate an administrative support order if the support order was based on a default income figure and the agency determines that the default income figure is not an accurate reflection of the obligor's income for purposes of calculating the obligor's child support obligation.").