NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANNE P. MULLIGAN, | ) | |
| | ) | Supreme Court No. S-17980 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-12009 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| DENALI UNIVERSAL SERVICES, INC., | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1854 – November 3, 2021 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Patricia A. Vecera and Chad T. Darcy, Davis Wright Tremain LLP, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Borghesan, Justices. [Henderson, Justice, not participating.]

1. Anne P. Mulligan — self-represented — filed a lawsuit seeking $30 billion dollars in damages from Denali Universal Services, Inc. in connection with events that took place at an Anchorage hospital in July 2018. Denali provided security services for the hospital. Without going into detail, the incident involved Denali's response to a bomb threat called into the hospital from Mulligan's cell phone.

2. Characterizing Mulligan's allegations as seeking compensation for Health Insurance Portability and Accountability Act (HIPAA) violations and defamation,

---

[*] Entered under Alaska Appellate Rule 214.

Denali moved to dismiss Mulligan's complaint for failure to state a claim upon which relief could be granted.[1]  Mulligan opposed by essentially repeating her allegations. Noting that HIPAA provides no private right of action, the superior court partially granted Denali's motion and dismissed Mulligan's HIPAA claim.

3.  Denali then filed a motion for summary judgment seeking dismissal of Mulligan's defamation claim.[2]  Mulligan opposed by essentially repeating her allegations; she did not object to the admissibility of Denali's evidence or present any relevant contradictory evidence.[3]  The superior court granted Denali's summary judgment motion and dismissed Mulligan's defamation claim.[4]

4.  Mulligan now appeals, asking us to determine whether the superior court erred by dismissing her HIPAA[5] and defamation claims.[6]

---

[1]  *See* Alaska R. Civ. P. 12(b)(6) (allowing motion to dismiss complaint based on "failure to state a claim upon which relief can be granted").

[2]  *See* Alaska R. Civ. P. 56(a)-(c) (allowing any party to move for summary judgment when there are no genuine issues of disputed fact).

[3]  *See* Alaska R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading . . . .").

[4]  *See* Alaska R. Civ. P. 56(c) ("Judgment shall be rendered forthwith if the pleadings . . . together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.").

[5]  "We review a Rule 12(b)(6) dismissal de novo, deeming all facts in the complaint true and provable." *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000) (footnote omitted).

[6]  We review a grant of summary judgment de novo. *Hymes v. DeRamus*, 222 P.3d 874, 880 (Alaska 2010).

5.	Even generously interpreting Mulligan's complaint as a self-represented litigant[7] and "deeming all facts in the complaint true and provable,"[8] there is no private right of action under HIPAA.[9] The superior court did not err by dismissing Mulligan's HIPAA claim.

6.	The evidence Denali submitted with its summary judgment request was not objected to and not contradicted by any other evidence in the record. Mulligan bore the burden "to set forth specific facts showing that [she] could produce evidence reasonably tending to dispute or contradict the movant's evidence and thus demonstrate that a material issue of fact exists."[10] But Mulligan failed to present admissible evidence contradicting Denali's evidence and thus failed to establish the existence of a material factual dispute. We agree with the superior court's thorough and well-reasoned decision; based on the undisputed facts, Denali was entitled to summary judgment dismissing Mulligan's defamation claims because (1) the statements at issue were not false or

---

[7]	*See Tobar v. Remington Holdings LP*, 447 P.3d 747, 753 (Alaska 2019) ("[P]leadings of self-represented litigants should be held to a less stringent standard and . . . their briefs are to be read generously.").

[8]	*Guerrero*, 6 P.3d at 253.

[9]	*Wright v. Anding*, 390 P.3d 1162, 1168 n.12 (Alaska 2017) (noting HIPAA regulations do not create an individual private right of action).

[10]	*Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 517 (Alaska 2014) (quoting *State, Dep't of Highways v. Green*, 586 P.2d 595, 606 n.32 (Alaska 1978)).

defamatory[11] and (2) the statements were made in the public interest and thus were privileged.[12] The superior court did not err by dismissing Mulligan's defamation claims.

7. We AFFIRM the superior court's dismissal of Mulligan's lawsuit.

---

[11] *See Alaskasland.com, LLC v. Cross*, 357 P.3d 805, 820 (Alaska 2015) ("A defamation claim requires proof of four elements: '(1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either per se actionability or special damages.' " (quoting *State v. Carpenter*, 171 P.3d 41, 51 (Alaska 2007))).

[12] *Fairbanks Pub. Co. v. Francisco*, 390 P.2d 784, 793 (Alaska 1964) ("[P]rivileges are accorded based upon a public policy which recognizes that it is . . . essential that true information shall be given whenever it is reasonably necessary for the protection of one's own interests, the interests of third persons, or the interests of the public.").