NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| MARCO FLORES, in his personal capacity and as Personal Representative of the Estate of Angelica Rangel Flores, | ) ) ) | Supreme Court No. S-18264 |
| | ) | Superior Court No. 3AN-13-09650 CI |
| Appellant, | ) ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | AND JUDGMENT* |
| | ) | |
| NORMA RUSSELL, | ) | No. 1966 – May 17, 2023 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Tricia S. Lindsay, Law Office of Tricia S. Lindsay, PC, Mount Vernon, New York, for Appellant. Daniel T. Quinn and Rebecca A. Lindemann, Richmond & Quinn, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Borghesan, Justices. [Henderson, Justice, not participating.]

## I. INTRODUCTION

A tenant sued his former landlady, alleging that the landlady's negligence led to an electrical fire that caused his wife's death. The landlady moved for summary judgment and established that there was no factual dispute about whether an electrical

---

\* Entered under Alaska Appellate Rule 214.

problem caused the fire. The superior court granted summary judgment to the landlady. The tenant appeals, arguing that the court erred by granting summary judgment and he should have been entitled to pursue discovery.

Because the tenant offered no evidence that the fire was caused by an electrical flaw or that any such flaw was due to his landlady's negligence, we affirm summary judgment.

## II.    FACTS AND PROCEEDINGS

Marco Flores and his family rented an apartment from Norma Russell. On December 4, 2011, Flores's wife died in a fire that destroyed the apartment. Flores was arrested and charged with murder, arson, assault, and criminal mischief in relation to the fire.

According to information in the criminal case, Flores admitted he and his wife had argued shortly before the fire began and that he grabbed his wife by the neck, leaving bruises. Flores, his son, and his son's daughter escaped from the fire, but firefighters found Flores's wife dead on the kitchen floor with superficial burns. An autopsy determined she died from smoke inhalation. Flores resolved his criminal case in September 2018, after he had served three years in jail. In return for his guilty plea to assault for choking his wife, the State dismissed the other charges.

Flores sued Russell for negligence in December 2013, alleging that the fire was caused by her failure to address electrical issues and damage to the apartment. The case was stayed until his criminal case was resolved.

Much of the criminal investigation focused on the cause of the fire. The police and fire departments requested help from the federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The ATF investigators had electrical components from Flores's kitchen and living room analyzed. The laboratory reports concluded that these components showed "[n]o evidence of arc-melting or electrical failure resulting in fire causation."

A fire department investigator also investigated and prepared a report. Like the ATF lab reports, this report concluded that the fire did not have an electrical origin based on the burn patterns and analysis of electrical components in the home. The investigator noted he had spoken to Gilberto Gutierrez, a handyman who once visited Flores's apartment before the fire and had offered to make repairs. Gutierrez described observing "a lot of problems" with the apartment including leaks, molded wood, and exposed insulation and plastic near electrical outlets. Gutierrez indicated that someone named "Ritchie" had also observed the damage in the apartment. The investigator concluded the fire was "incendiary" — that is, intentionally started by someone. He testified before the grand jury in the criminal case that he believed that Flores intentionally set fire to a sofa in the living room.

Russell's insurance company also hired an investigator to look into the cause of the fire. The insurance investigator examined the burned apartment a few weeks after the fire and found no indication of an electrical cause.[1] He reported that "[t]he cause of the fire cannot be determined with certainty due to the scene overhaul and removal of furnishing and other evidence by the fire department during the course of their investigation."

After Flores was criminally charged, his defense attorney hired another fire investigation expert, Steven Carman, to review the earlier investigations and to evaluate whether those conclusions were supported by the available evidence. Carman's report identified gaps in the original investigations and theorized about other possible causes. Carman criticized the fire department investigator for his early focus on the living room, which Carman believed led him to not explore other scenarios due to incorrectly assuming that because the living room sustained the most damage, it was

---

[1]    The superior court mistakenly stated that the insurance investigator was retained by the fire department.

"more than likely" where the fire began. Carman suggested that the fire could have started in the kitchen, pointing to burned photos of Flores on top of the stove, and that the fire may have started after Flores's wife tried to burn them. Carman also suggested that windows and doors left open when Flores and the others escaped might explain the pattern of damage caused by the fire.

Carman believed that photographs from the earlier investigations supported his hypothesis that there could have been an electrical cause for the fire. He identified a circuit in the wall between the laundry room and kitchen that could have been the cause due to electrical arcing occurring in the wiring there. He noted that neither the ATF nor insurance investigators agreed with the fire department investigator that the fire began on a living room sofa.

Carman also concluded that the evidence did not support the fire department investigator's belief that the fire was caused by arson and stated that the fire's cause was undetermined. He blamed the initial response to the fire for making it impossible to determine the cause, asserting that "[a]n exact ignition scenario and location of the fire's origin cannot be conclusively determined at this point because investigators failed to adequately document the scene and collect crucial artifacts."

After the civil case resumed, Russell retained an electrical engineer as a fire expert. Like Carman, the engineer concluded that none of the evidence collected was "consistent with a definitive ignition source of the fire." The engineer reviewed the ATF report, interviewed ATF and fire department officials, and examined the available electrical components.

Russell served Flores with discovery requests in November 2020. After Flores failed to answer her requests for admission, Russell moved for an order deeming them all admitted, including one that his claim rested on his belief that the fire was caused by an electrical issue that Russell negligently failed to address.

Russell also moved for summary judgment, arguing that Flores had not presented any evidence that would support his claim that an electrical problem caused the fire. Russell emphasized that since Flores stated he was upstairs, he did not personally observe what started the fire and could only speculate about alternative causes — such as cooking, his wife's attempting suicide, or his father's leaving the stove on. And she pointed out that the Carman report Flores relied on in his negligence claim actually said it was impossible to determine the cause of the fire, "fatally undermin[ing]" Flores's ability to establish that Russell was responsible.

Flores opposed the motion for summary judgment. He attached a number of documents to his opposition. He submitted what appeared to be the entire contents of the file from his criminal defense attorney, including the expert reports. Flores cited Carman's report, a fire department report that indicated the fire had no "human factors," and a handwritten note indicating damage in the apartment — that he claimed Russell had written — as proof of his position. Flores concluded by noting the criminal charges against him had been dismissed because the State had "no evidence whatsoever" that he was responsible for the fire.

The superior court granted Russell's motion for summary judgment. It first held that under Alaska Civil Rule 36(a), Flores's failure to answer Russell's discovery requests amounted to an admission that "his contention is that the fire was caused by an electrical flaw or failure in the apartment." Based on that, the court noted that Flores had to prove Russell had breached her "duty to maintain all electrical and kitchen facilities and appliances in good and safe working order" per AS 34.03.100(a)(3) in order to prevail. And the court ruled that Flores bore the ultimate burden of proof at trial to show that the fire would not have occurred but for Russell's negligence.

The court explained Flores needed to offer at least "some evidence that the electrical problems [he alleged existed] actually caused the fire" in order to avoid

summary judgment. The court declined to decide whether Flores was required to present expert testimony on the matter of causation. But it concluded that Flores "offered no evidence to create a dispute of material fact as to causation" of the fire and, in addition, Russell had shown there was no genuine issue of material fact relating to Flores's claim that the fire was proximately caused by an electrical problem that was due to Russell's negligence.

The superior court observed that "Russell expressly addressed the issue of causation in her motion for summary judgment," referring to the investigators' conclusions that the evidence did not show an electrical cause for the fire. The court then noted that Flores did not respond to Russell's arguments about causation in his opposition.

In its order the court discussed Flores's opposition to summary judgment. The court determined that much of the information Flores sought to introduce was not admissible. Noting that Flores had submitted his entire copy of the file from his criminal case, the court concluded that its contents, including the Carman report, were not admissible. It specifically ruled that Carman's report as well as the fire department incident report that identified "Human Factors; None" were "unsworn, and hence inadmissible." The court explained that "factual assertions in unsworn pleadings do not constitute admissible evidence on which a denial of summary judgment can be based." The court also held that a note labeled "Important Message" and written "[]in multiple different handwritings[], that states in piecemeal fashion 'major water damage, electrical problems, explosion in boiler room, electricity wasn't working right,' " was inadmissible because Flores "provide[d] no evidentiary explanation" of its importance.

The court also found that even if it admitted Flores's proffered evidence, his attachments did not establish a genuine issue of material fact. The court noted that Carman's report "offer[ed] no conclusion to a reasonable degree of expert certainty . . . what caused the fire of December 4, 2011." The court concluded that "[a]t most" the

handwritten note documented apparent electrical and water damage issues in the building but failed to establish they caused the 2011 fire. And it pointed out that the fire department report reached no conclusion about the fire's cause, instead saying it remained "under investigation." The court also observed that the criminal file included motions that Flores's attorney had filed identifying flaws in the fire investigation that led to an inability to determine what caused the fire.

Because Russell's summary judgment motion had argued that there was no evidence to support Flores's claim that the fire was caused by an electrical issue, the court concluded that Flores's information questioning the quality of the investigation did not respond to her argument. The court explained that identifying problems with the investigation did not amount to evidence showing that there was an electrical cause for the fire, or that any electrical cause was Russell's fault. Because Flores had not produced any admissible evidence to dispute Russell's motion, the court granted summary judgment to Russell. Flores appeals.

## III.   STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying our independent judgment and adopting the rule that is "most persuasive in light of precedent, reason, and policy."[2]  Alaska has a low threshold to overcome summary judgment, out of respect for the "important function of preserving the right to have factual questions resolved by a trier of fact only after following the procedures of a trial."[3]  Summary judgment is appropriate "if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[4]  "When reviewing

---

[2]     *Bush v. Elkins*, 342 P.3d 1245, 1251 (Alaska 2015).

[3]     *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 521 (Alaska 2014).

[4]     *Pouzanova v. Morton*, 327 P.3d 865, 867 (Alaska 2014).

a grant of summary judgment, we draw 'all factual inferences . . . in favor of' " the nonmoving party, and the moving party has the burden of proving the absence of genuine issues of material fact.[5] "Once the moving party has made that showing, the burden shifts to the non-moving party to set forth specific facts showing [the non-movant] could produce evidence reasonably tending to dispute or contradict the movant's evidence."[6]

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Holding Flores's Failure To Respond To Requests For Admission Constituted An Admission.

Because Flores was self-represented at the summary judgment stage and when he filed his appeal, we view his brief with more lenience than if he were represented by an attorney.[7] And although his arguments are not made as clearly as we would require arguments of counsel to be made, we have identified two primary arguments that we address in turn, beginning with his claim that it was error to conclude that he had admitted Russell's requests for admission because he failed to respond to them.

Under Alaska Civil Rule 36(a), a requested admission "is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." "Any matter admitted

---

[5]  *Bohn v. Providence Health Servs. – Wash.*, 484 P.3d 584, 593 (Alaska 2021) (quoting *Hagen v. Strobel*, 353 P.3d 799, 802-03 (Alaska 2015)).

[6]  *Id.*

[7]  *See Azimi v. Johns*, 254 P.3d 1054, 1062 (Alaska 2011) (concluding "the pleadings of pro se litigants should be held to less stringent standards than those of lawyers") (quoting *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987)).

under [Rule 36] is conclusively established" unless the court permits withdrawal or amendment of the admission on motion.[8]

The purpose of Rule 36 is "to expedite and streamline discovery and litigation by establishing facts over which there is no real dispute."[9] Exceptions to the 30-day requirement may be recognized where the parties have separately agreed upon a timeline, and the court may also allow a shorter or longer timeline for a response.[10] But a party must take some action to avoid admission after 30 days have passed.[11] Flores did not reply to Russell's requests for admission at all; he also failed to address the requests or the issues the court deemed admitted in his opposition to Russell's motion for summary judgment.

Russell's motion for summary judgment was based on Flores's failure to respond to Russell's November 10, 2020 Request for Admission No. 1. That request stated: "Please admit that your contention is that the subject fire was caused by a failure or flaw in the electrical wiring of the apartment electrical system." By failing to respond to the request, Flores was considered to have admitted it. That is, Flores admitted that his "contention is that the . . . fire was caused by a failure or flaw in the electrical wiring of the apartment electric system." The superior court properly concluded that by failing to answer Russell's discovery requests, Flores admitted that he was claiming the apartment fire was caused by an electrical issue.

---

[8]     Alaska R. Civ. P. 36(b).

[9]     *Dobos v. Ingersoll*, 9 P.3d 1020, 1028 (Alaska 2000).

[10]    Alaska R. Civ. P. 36(a).

[11]    *See Genaro v. Mun. of Anchorage*, 76 P.3d 844, 845-47 (Alaska 2003) (allowing self-represented litigant to withdraw admissions after failure to respond because litigant had temporarily been substituted as a party, expressed clear confusion over whether substituting party had responded, and later expressed willingness to submit requested information).

**B.** **The Superior Court Did Not Err By Concluding That Flores Failed To Demonstrate A Genuine Issue Of Material Fact.**

To prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact.[12] And to defeat summary judgment, the nonmoving party must offer some admissible evidence tending to dispute the summary judgment motion.[13] The nonmoving party must present more than "unsupported assumptions and speculation."[14] An opposition based on information that is "too conclusory, too speculative, or too incredible to be believed" does not create a genuine issue of material fact.[15]

Russell's summary judgment motion argued that Flores's claim against her was based on his assertion that the apartment fire was caused by an electrical problem. She pointed to her expert's report, which opined that there was no evidence of electrical failure in the components that had been gathered and examined as part of the initial investigation. Russell met her "initial burden" to prove through admissible evidence "that there are no genuine disputed issues of material fact" and that she was entitled to judgment as a matter of law. The burden shifted to Flores to offer admissible evidence that there was evidence the fire had an electrical cause.[16] Flores therefore needed to offer admissible evidence in his opposition to summary judgment that there *was* evidence the fire had an electrical cause. Flores failed to provide any.

---

[12] Alaska R. Civ. P. 56(c).

[13] *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 517 (Alaska 2014).

[14] *Id.* at 520.

[15] *Id.* at 516.

[16] *Id.* at 517.

Flores argues that the information he provided in the criminal file and in the other documents he submitted with his opposition was enough to demonstrate a genuine issue of fact. But hearsay statements that would be inadmissible at trial are inadmissible when contained in a motion for summary judgment.[17] The file contents, including Carman's report, are hearsay. The superior court ruled the report inadmissible because it was unsworn; Flores merely attached it to his opposition to summary judgment as part of the criminal file.

And as the superior court observed, even if the contents of the criminal file were admissible, those documents did not demonstrate an issue of material fact that created a causal link between the apartment fire and Russell's acts or omissions.[18] Carman's report suggests that *no* cause of the fire could ever "be conclusively proven or refuted," including whether an electrical problem caused it, because "alternate, reasonable hypotheses as to what actually occurred" had not been investigated. That conclusion is consistent with the other reports, which all agreed that none of the evidence collected pointed to an electrical cause; one report noted that the cause remained "under investigation." Carman's report, and the other documents in the criminal file, do not contradict Russell's summary judgment motion. The file documents fail to demonstrate a genuine issue of material fact.

Flores also argues that the superior court erred when it failed to consider statements that he submitted with his opposition. Flores asserts that both a statement which he claims "maintenance men" made about the apartment's condition and the note in different handwritings describing damage in the apartment should have been admitted and considered by the court. He also argues that the superior court should

---

[17] *French v. Jadon, Inc.*, 911 P.2d 20, 24 (Alaska 1996).

[18] *Christensen*, 335 P.3d at 516; *French*, 911 P.2d at 24.

have considered statements from Gilberto Gutierrez, and that he should have been given an opportunity to call Gutierrez as a witness at trial.

Alaska Evidence Rule 901 requires that to be admissible, documentary evidence must be authenticated to show it is "what its proponent claims." Evidence Rule 802 declares that "hearsay is not admissible," although Rules 803 and 804 provide a number of exceptions to that rule. "Hearsay is a statement, other than one made by the declarant while testifying . . . offered in evidence to prove the truth of the matter asserted."[19] The statements that Flores urges should have been admitted are neither authenticated nor admissible as hearsay exceptions.

Flores argues that the note apparently written by a number of people should have been admitted. But he offers no information about who wrote the note. As the superior court correctly ruled, Flores provided "no evidentiary explanation" about it — that is, he failed to authenticate it. By failing to provide any "evidentiary explanation," Flores failed to show that the statement was "what its proponent claims."

Flores next argues for the first time on appeal that Gutierrez and "Ritchie" were maintenance men who made statements about the damage to the apartment, and their statements should have been admitted. Flores's argument appears to be based on information contained in a report in the criminal file — which was not admissible. The fire department investigator referred to statements that Gutierrez made to him during the investigation. The report indicates that Gutierrez mentioned someone named "Ritchie." Gutierrez's statements to the fire department investigator are hearsay. Flores provided no proof that Gutierrez or "Ritchie" were maintenance workers. In fact, Flores listed Gutierrez in his witness list as a "tenant at the property." Flores failed to authenticate the men's hearsay statements to show they were "what [their] proponent claims."

---

[19]     Alaska R. Evid. 801(c).

The superior court correctly determined that none of the documents and statements that Flores submitted with his opposition to summary judgment were admissible. But the superior court also ruled that even if it had admitted and considered them, they would have established only that there was damage and problems in the apartment. They do not support an inference that Russell negligently failed to address these issues or that the issues played any role in causing the fire. The superior court also did not err when it determined in the alternative that the documents and statements Flores submitted with his opposition did not create a genuine issue of material fact that would have precluded summary judgment.

## V.   CONCLUSION

We AFFIRM the superior court's summary judgment ruling.